UNITED STATES of America, Plaintiff–Appellee,

v.

Pedro Alonso GALAN–DE LA TORRE, also known as Fernando Gomez–Torres, Defendant–Appellant.

No. 04–41460.

Summary Calendar.

United States Court of Appeals, Fifth Circuit.

Decided Feb. 21, 2006.

James Lee Turner, Assistant U.S. Attorney, U.S. Attorney's Office, Southern District of Texas, Houston, TX, Mark Michael Dowd, U.S. Attorney's Office, Southern District of Texas, Brownsville, TX, for Plaintiff–Appellee.

Marjorie A. Meyers, Federal Public Defender, H Michael Sokolow, Federal Public Defender's Office, Southern District of Texas, Houston, TX, for Defendant–Appellant.

Before JOLLY, DAVIS, and OWEN, Circuit Judges.

PER CURIAM: *

Pedro Alonso Galan–De La Torre appeals his conviction and sentence for illegal reentry. Galan challenges the constitutionality of 8 U.S.C. § 1326(b)(1), (2) and, additionally, the district court's application of the mandatory Sentencing Guidelines.

---

Galan's constitutional challenge is foreclosed by *Almendarez–Torres v. United States,* 523 U.S. 224, 235, 118 S.Ct. 1219, 140 L.Ed.2d 350 (1998). Although Galan contends that *Almendarez–Torres* was incorrectly decided and that a majority of the Supreme Court would overrule *Almendarez–Torres* in light of *Apprendi v. New Jersey,* 530 U.S. 466, 120 S.Ct. 2348, 147 L.Ed.2d 435 (2000), we have repeatedly rejected such arguments on the basis that *Almendarez–Torres* remains binding. *See United States v. Garza–Lopez,* 410 F.3d 268, 276 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 298, 163 L.Ed.2d 260 (2005). Galan properly concedes that his argument is foreclosed in light of *Almendarez–Torres* and circuit precedent, but he raises it here to preserve it for further review.

Galan also contends that the district court erred in sentencing him pursuant to the mandatory Guidelines regime held unconstitutional in *United States v. Booker,* 543 U.S. 220, 125 S.Ct. 738, 764–65, 160 L.Ed.2d 621 (2005). The Government concedes that Galan has preserved his claim of error. The sentencing transcript is devoid of evidence that the district court would have imposed the same sentence under an advisory regime, and, therefore, the Government has not borne its burden of establishing beyond a reasonable doubt that the district court's error was harmless. *See United States v. Walters,* 418 F.3d 461, 464 (5th Cir.2005). Thus, Galan's sentence is VACATED, and the case is REMANDED for further proceedings. *See id.* at 466.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.